nally from Stokes it received, not from the principal debtor, or from one who was liable upon the debt, but from a stranger to the obligation, whose property was pledged to indemnify the plaintiff alone, and was not subject in equity to any claim on behalf of the creditor or the plaintiff's sureties. It seems to me, therefore, that the plaintiff wholly failed to show that it had a right to maintain this action. Not only this, but the Hoffman House, New York, being the principal debtor in the $35,000 bond, any liability of Stokes to it was discharged and settled by the resolution of September 25, 1897. This resolution was passed with the consent of all parties in interest, and as a part of the consideration for which Stokes sold his interest in the Hoffman House. The liability of Stokes to the principal in the bond having been discharged, the sureties, by operation of law, were released.

I am also of the opinion that the court erred in permitting the witness Daniel J. Leary, a stockholder of the plaintiff and a party in interest, to testify against defendant's objection to a personal transaction with the defendant's testator. The objection was taken to this testimony on the ground that the witness was not competent under section 829 of the Code of Civil Procedure, and I think should have been sustained.

For these reasons I am unable to concur with the majority of the court, and think the judgment should be reversed, and a new trial ordered.

INGRAHAM, J., concurs.

HOGGSON BROS. v. DRUG & CHEMICAL CLUB. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Action by Hoggson Bros. against the Drug & Chemical Club. From an order granting a bill of particulars, plaintiffs appeal. Modified and affirmed. Selden Bacon, for appellants. Hector M. Hitchings, for respondent.

PER CURIAM. The order appealed from should be modified, by striking from the third paragraph thereof the words, "together with the full name and address of such person, firm, or corporation," and by striking from the fourth paragraph thereof the words, "together with the name of the manufacturer," and from the fifth paragraph the words, "from whom it purchased such drugs." As so modified, the order should be affirmed, without costs.

HOGGSON BROS. v. DRUG & CHEMICAL CLUB. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Hoggson Bros. against the Drug & Chemical Club. No opinion. Motion denied, with $10 costs.

HOLL et al., Respondents, v. BUILDERS' CONST. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 8, 1908.) Action by John Holl and another against the Builders' Construction Company. H. A. Sperry, for appellant. S. Bernstein, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See 111 N. Y. Supp. 876.

HOLT, Respondent, v. HOPKINS, Appellant. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Elise H. M. Holt against Franklin W. Hopkins. A. C. Thayer, for appellant. H. Hasbrouck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

HOLTON, Respondent, v. HELVETIA-SWISS FIRE INS. CO. OF ST. GALL, SWITZERLAND, Appellant. (Supreme Court, Appellate Division, Second Department. June 18, 1908.) Action by Luther H. Holton against the Helvetia-Swiss Fire Insurance Company of St. Gall, Switzerland. No opinion. Order affirmed, with $10 costs and disbursements.

In re HOMAN. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) In the matter of the disposition of the real estate of Georgiana Homan, deceased, for the payment of her debts. No opinion. Motion granted, with $10 costs.

HUDSON BASEBALL ASS'N, Respondent, v. GREATER NEW YORK BASEBALL ASS'N, Appellant. (Supreme Court, Appellate Division, Third Department. June 18, 1908.) Action by the Hudson Baseball Association against the Greater New York Baseball Association.

PER CURIAM. Judgment and order unanimously affirmed, with costs.

COCHRANE, J., not sitting.

HUFF, Respondent, v. HAWN, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 27, 1908.) Action by Ray Huff against Spencer Hawn.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, unless plaintiff within 10 days stipulates that only one cause of action is stated in the complaint, specifying the same, in which event the order is affirmed, without costs of this appeal to either party.

HUGHSON et al., Appellants, v. STATE, Respondent. (Supreme Court, Appellate Division, Third Department. June 18, 1908.) Action by Susan B. Hughson and others against the state of New York.

PER CURIAM. Judgment affirmed, with costs.

SMITH, P. J., not voting.

HUNGERFORD, Respondent, v. VILLAGE OF WAVERLY et al., Appellants. (Supreme Court, Appellate Division, Third Department. June 18, 1908.) Action by Martha A. Hungerford against the village of Waverly and others. On motion to amend decision. For former opinion, see 109 N. Y. Supp. 438.

PER CURIAM. Decision amended, so as to read as follows: "Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with usual leave to amend on payment of costs of demurrer and of this appeal. If the costs of the demurrer and of the appeal are not paid and the complaint amended within 20